868 F.2d 1278
 10 U.S.P.Q.2d 1875
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MEDICAL ENGINEERING CORPORATION, Plaintiff-Appellee,
v.
MENTOR CORPORATION, Defendant-Appellant.
 No. 88-1506.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1989.
 
 Before MARKEY, Chief Judge, and EDWARD S. SMITH and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The judgment of the United States District Court for the District of Minnesota, No. 4-86-Civil-937 (June 17, 1988), in accordance with the jury verdict that U.S. Patent No. 4,212,304 is not invalid, and the order denying Mentor Corporation's motion for JNOV or, in the alternative, a new trial, are affirmed.
 
 OPINION
 
 2
 In his position as a reviewer for the Journal of Urology, Finney recommended the Oswalt article, which stated that commercial manufacture of a double-hooked stent is anticipated. He gave the Patent and Trademark Office a copy of the article when it was published. The failure to submit other articles published after the application date revealing double-hooked stents and a double-hooked stent on the market, was unobjectionable. An applicant need not disclose every reference possibly relevant to the application. American Hoist & Derrick Co. v. Sowa & Sons, Inc., 725 F.2d 1350, 1362, 220 USPQ 763, 772 (Fed.Cir.1984); Kimberly-Clark Corp. v. Johnson & Johnson, 745 F.2d 1437, 1454-55, 223 USPQ 603, 614 (Fed.Cir.1984). According to American Hoist, the disclosure standard is "not whether a reasonable examiner would want to be aware of a particular thing, but whether, after he was aware of it, he would 'consider it important' in deciding whether to reject one or more claims." 725 F.2d at 1363 n. 2, 220 USPQ at 773 n. 2.
 
 
 3
 Explaining at trial why he cited certain post-application articles, Finney said, "These articles which were written after my application for a patent are relating back to these problems associated with the stents that predated my patent, and that's why I cited them." The jury obviously credited that explanation and we see nothing in the record to suggest it should not have. The articles disclosed the state of the art at the time of the invention, and none revealed a double-hooked stent or the idea for one at the time the invention was made.
 
 
 4
 In an obviousness inquiry, the scope and content of the prior art, the differences between the prior art and the claims at issue, and the level of ordinary skill in the art are examined as of the time the invention was made. 35 U.S.C. Sec. 103 (1982); Kansas Jack, Inc. v. Kuhn, 719 F.2d 1144, 1150, 219 USPQ 857, 860 (Fed Cir.1983). Developments subsequent to that event are not pertinent. Therefore, it was entirely appropriate for Finney to cite only the post-application articles that showed the state of the art when he made his invention; the other articles spoke of post-application developments which are not prior art.
 
 
 5
 Proof by clear and convincing evidence of a threshold level of materiality and intent are necessary before inequitable conduct may be said to exist. Allen Organ Co. v. Kimball Int'l, Inc., 839 F.2d 1556, 1567, 5 USPQ2d 1769, 1778 (Fed.Cir.1988). By its special verdict, the jury found that Mentor had not proven that Finney had "intentionally or with gross negligence ... withheld information that a reasonable Patent Examiner would have considered important in determining whether to allow the claims of the application." As seen, the finding on materiality is supported by substantial evidence, and there is no evidence by which the jury could have found intent to deceive. Accordingly, the district court was disabled from applying its discretion in denying enforcement because of inequitable conduct.